c

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| TRIPLE E FARMS, L.L.C., Plaintiff | CIVIL ACTION NO. 1:20-CV-00229 |
| VERSUS | JUDGE DRELL |
| SYNGENTA AG, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 6) filed by Plaintiff Triple E Farms, L.L.C. ("Triple E"). Triple E argues there is no fraudulent joinder and no complete diversity. ECF No. 6 at 1-2. Syngenta, AG ("Syngenta") opposes.[1] ECF No. 17.

Syngenta fails to establish the Court's diversity jurisdiction by a preponderance of the evidence. The Motion to Remand (ECF No. 6) should therefore be GRANTED.

## I.  Background

Triple E filed a Petition for Damages (ECF No. 1-2) in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana, against Defendants Syngenta and Elston Crop Management, Inc. ("Elston") (collectively, "Defendants").

---

[1] Triple E moved to voluntarily dismiss Syngenta, AG, without prejudice. ECF No. 23. On March 23, 2020, the Court ordered Syngenta, AG dismissed without prejudice. ECF No. 27. Presently, the only two parties remaining in this case are Triple E and Elston Crop Management, Inc., both Louisiana residents.

Triple E runs a soybean farming operation. ECF No. 1-2 at 2. Triple E alleges Syngenta manufactured, distributed, and sold Sequence Herbicide, and warranted that it can be applied over-the-top to post-emergence Roundup Ready soybeans. *Id.* at 2-3. Triple E contends Sygenta warranted that Sequence Herbicide-treated post-emergence Roundup Ready soybeans might exhibit necrotic spotting, leaf crinkling/curling and stunting, but would not affect normal plant growth and yield. *Id.* at 3.

Elston advised Triple E that in order to treat post-emergence soybeans for broadleaf weeds and grass, it should use Sequence Herbicide. *Id.* On May 27 and 29, 2019, on the advice of Elston, Triple E purchased Sequence Herbicide for use on its Roundup Ready post-emergence soybeans. *Id.* Following the instructions provided by Syngenta, Triple E applied the Sequence Herbicide on approximately 800 acres of Roundup Ready post-emergency soybeans. *Id.* Triple E contends that the treated soybeans burned, resulting in a drastically reduced yield. *Id.*

Triple E asserts the batch of Sequence Herbicide manufactured, distributed, and sold by Syngenta was defective in design and manufacture and breached Syngenta's express warranty. *Id.* at 3. Triple E further asserts the batch was not fit for Triple E's intended use or its particular purpose. *Id.* Triple E alleges Syngenta breached La. Civ. Code arts. 2520, 2524, 2545 and/or La. R.S. 9:2800.58. *Id.*

Triple E contends Syngenta provided incorrect advice and counsel regarding the use and application of Sequence Herbicide to Triple E's post-emergence Roundup Ready soybeans. *Id.* Triple E further contends Elston provided incorrect advice

concerning the fitness of Sequence Herbicide for Triple E's known use, inducing it to purchase a product not fit for its intended purpose. *Id.* Triple E seeks compensatory and special damages, including loss of profits/revenue, return of the purchase price, return of consulting fees, attorney's fees, and costs. *Id.* at 3-4.

Syngenta removed, asserting diversity jurisdiction. ECF No. 1 at 2. Syngenta alleges in-state Defendant Elston is improperly joined. ECF No. 1 at 2. Syngenta contends Elston's Louisiana citizenship should be disregarded because Triple E fails to state a cause of action against Elston under the Louisiana Products Liability Act ("LPLA"). *Id.*

Triple E seeks remand, asserting lack of diversity among the parties. ECF No. 6 at 1. Triple E contends Syngenta fails to establish improper joinder. *Id.* at 2. Triple E argues it asserts valid claims under Louisiana law against the non-diverse in-state Defendant Elston. *Id.* Syngenta opposes.[2] ECF No. 17. In support of its opposition, Syngenta attaches the Declaration of Russell Elston. ECF Nos. 17-1, 29.

---

[2] Syngenta also seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(5) for insufficient service of process. ECF No. 12. In support, Syngenta attaches the Declaration of Cheryl L. Quain, Deputy Counsel for Syngenta Crop Protection, L.L.C. ("Syngenta Crop Protection"). ECF No. 12-2. On motion (ECF No. 23), the Court ordered Syngenta voluntarily dismissed, without prejudice. ECF No. 27. Thus, Syngenta's Rule 12(b)(2) and 12(b)(5) motions (ECF No. 12) should be DENIED AS MOOT.

Elston seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. ECF No. 18. And, presuming this Court has diversity jurisdiction, Syngenta Crop Protection seeks to intervene as a Defendant, asserting it is the correct Defendant and manufacturer of Sequence Herbicide. ECF No. 28. In support, Syngenta submits email correspondence (ECF Nos. 28-2, 28-3, 28-4) and its proposed Answer in Intervention (ECF No. 28-6). Triple E opposes. ECF No. 33.

## II. Law and Analysis

### A. Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 397 (citations omitted). Here, the parties do not dispute that the amount-in-controversy requirement is met. They dispute the existence of complete diversity among the parties.

4

"The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.'" *Menendez*, 364 Fed.Appx. at 65 (citation omitted) (emphasis in original); *see also Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in original). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." *See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity, is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80.

B.    <u>Syngenta bears the burden of establishing improper joinder.</u>

The issue before the Court is the alleged improper joinder of Elston, a non-diverse Defendant. The doctrine of improper joinder is a narrow exception to the complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing 28 U.S.C. § 1441(b)).

"[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.*

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Cuevas*, 648 F.3d at 249 (quoting *Smallwood*, 385 F.3d at 573). When, as here, the second method is at issue,[3]

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

*Cuevas*, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added).[4] "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper . . . that is, to show that sham defendants were added to defeat jurisdiction." *Smallwood*, 385 F.3d at 574-75; *see also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). A court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim but looks only for a

---

[3] *See* ECF No. 1 at 3.

[4] Syngenta does not allege there is actual fraud in the pleadings.

possibility that the plaintiff might do so. *Guillory v. PPG Indust., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citations omitted). "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Smallwood*, 385 F.3d at 574.

### C.    The Court will not "pierce the pleadings" to consider the "summary-judgment-type" evidence filed by Syngenta.

Syngenta argues Triple E fails to state a claim under the LPLA or in redhibition against Elston. ECF No. 17 at 12. Syngenta further argues Triple E asserts a claim of negligence in its Motion to Remand (ECF No. 6), but the Petition (ECF No. 1-1) is void of any negligence allegations. ECF No. 17 at 13-14. Thus, Syngenta implies Triple E has no possibility of recovery, or "no reasonable basis" of recovery, against non-diverse Defendant Elston.

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. A court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573 (citations omitted).

However, merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant, does not mean that the joinder of the resident defendant is proper. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (citations omitted). In the second setting for the "no reasonable basis" contest, the defendant may challenge the plaintiff's allegations and attempt to demonstrate by "summary-judgment-type" evidence that the plaintiff is unable to

prove all the facts necessary to prevail. *International Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). "[A] court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.*; *see also Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court.").

The Fifth Circuit cautions against piercing the pleadings, except in limited circumstances. *Smallwood*, 385 F.3d at 537:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (citations omitted). Thus, the summary inquiry determines if there are "discrete and undisputed facts that would preclude recovery against the in-state defendant." *Id.* at 573-74 (citing as examples where "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved as not true"). A court may proceed beyond the pleadings to analyze "whether the defendant has demonstrated that there is no possibility of recovery." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (citing *Smallwood*, 385 F.3d at 573)). Although a court may consider "summary judgment-type evidence in the record," it must resolve all

disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

In conducting an improper joinder analysis, the Court must carefully distinguish an attack on the overall merits of the case from a showing that "sham defendants" were added solely to defeat diversity jurisdiction. *Smallwood,* 385 F.3d at 575. In most cases, a finding that a plaintiff would survive a Rule 12(b)(6) challenge is sufficient to compel remand. *Id.* at 573; *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir.2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).").

Here, Syngenta submits a Declaration (ECF Nos. 17-1, 29), attempting to refute Triple E's claims and factual assertions against Elston. Triple E opposes consideration of the Declaration (ECF Nos. 17-1, 29), arguing that written discovery and depositions are required to oppose it. However, nothing indicates that Triple E has "misstated or omitted discrete facts that would determine the propriety of joinder." *See Smallwood*, 385 F.3d at 573. In the absence of such misstatements or omissions, employing a summary judgment standard runs the risk of moving beyond a jurisdictional analysis toward an improper assessment of the merits of the Triple E's case, which is inappropriate absent certainty that the case may be properly heard by the federal court. *Id.* at 574.

**D.**    Syngenta fails to establish diversity jurisdiction by a preponderance of the evidence.

Triple E argues Elston is a properly joined and served defendant.  ECF No. 6 at 1.  Triple E argues it alleges valid Louisiana law claims against non-diverse, in-state defendant Elston.  ECF No. 6 at 2.  Triple E contends that Syngenta fails to establish improper joinder and that removal is defective due to lack of complete diversity among the parties.  ECF No. 6-1 at 5-8.

The citizenship of the parties is undisputed.  Syngenta is a foreign corporation, with its principal place of business in Basel, Switzerland.[5]  ECF Nos 1 at 2, 1-1 at 2.  Triple E and Elston are both Louisiana citizens.  ECF Nos. 1 at 2, 1-2 at 2.  It is also undisputed that Elston's Louisiana citizenship would destroy diversity if its joinder is proper.  ECF Nos. 1 at 3, 6-1 at 5.  The question is whether Elston's Louisiana citizenship may be disregarded because it was improperly joined.  Syngenta argues there is no possibility Triple E can establish liability against Elston.  ECF No. 1 at 2.

In its Notice of Removal (ECF No. 1), Syngenta alleges Triple E improperly joined Elston and that it fails to establish a cause of action against Elston.  ECF No. 1 at 3.  Specifically, Syngenta states that La. Civ. Code arts. 2520, 2542, and 2545 state causes of action in redhibition, which may only be asserted against a seller of a

---

[5] Syngenta alleges Triple E sued the incorrect Syngenta entity.  ECF No. 1 at 2, n.1.  Syngenta alleges the correct entity is Syngenta Crop Protection, L.L.C. ("Syngenta Crop Protection"), a Delaware limited liability company organized under the laws of Delaware.  *Id.*  Its only member is Syngenta Seeds, L.L.C., a Delaware limited liability company whose sole member is Syngenta Corporation, which was incorporated under the laws of Delaware and has its principal place of business in Wilmington, Delaware.  *Id.*  Syngenta contends that Syngenta Crop Protection is diverse from Triple E for purposes of diversity jurisdiction.  *Id.*  For purposes of the Court's analysis, Sygnenta's citizenship has no bearing on whether or not Elston was improperly joined.

product.  *Id.* at 4.  Syngenta argues a redhibitory action may only be brought by a buyer against a seller of property.  *Id.*  Syngenta contends Triple E fails to allege Elston was the seller of Syngenta's Sequence Herbicide.  *Id.*  Syngenta asserts Triple E fails to state a cause of action against Elston in redhibition under Arts. 2520, 2524, and 2545.  *Id.*

Syngenta further alleges La. R.S. 9:2800.58, part of the LPLA, only applies to manufacturers.  *Id.* at 4-5.  Syngenta states Triple E fails to allege Elston was a manufacturer of Sequence Herbicide.  *Id.* at 5.  Syngenta states that Triple E's Petition (ECF No. 1-1) asserts Syngenta is the manufacture of Sequence Herbicide and that Syngenta allegedly made express warranties.  *Id.*  Syngenta contends Triple E fails to state a cause of action against Elston under La. R.S. 9:2800.58.  *Id.*

Triple E admits that Elston was not the manufacturer or seller of the product and that it cannot recover under La. Civ. Code Arts. 2520 and 2545 and/or La. R.S. 9:2800.58.  ECF No. 6-1 at 8.  However, Triple E argues that does not mean it cannot recover from Elston at all.  *Id.*  Triple E argues Elston acted as its crop consultant and had the duty to properly advise it regarding whether or not Sequence Herbicide was safe and effective for Triple E's soybean crops.  *Id.*  Triple E alleges damages, including return of consulting fees, which it argues is recoverable under La. Civ. Code art. 2315 for breach of Elston's duty to Triple E.  *Id.*

Syngenta opposes and reiterates that Elson's Louisiana citizenship should be ignored because it was improperly joined.  ECF No. 17 at 6.  Syngenta argues that because Elston is not a seller or manufacturer of Sequence Herbicide it removed in

good faith based on diversity jurisdiction and improper joinder. *Id.* Syngenta argues Triple E's Petition (ECF No. 1-1) does not mention a cause of action for negligence or specify any claim under La. Civ. Code art. 2315. *Id.* Syngenta further argues Triple E's Petition (ECF No. 1-1) is void of allegations relating to a duty owed by Elston to Triple E. *Id.* Sygnenta contends Triple E's Motion to Remand (ECF No. 6) contains new allegations that Elston owed it a duty to properly advise whether Sequence Herbicide was safe and effective for its soybeans. *Id.* at 7.

It is undisputed Triple E fails to state a claim under the La. Civ. Code arts. 2520, 2524, and 2545, and under La. R.S. 9:2800.58. ECF Nos. 6-1 at 8, 17 at 10-12. Thus, the Court must determine whether Syngenta has shown that Triple E has no possibility of recovery against Elston for negligence under La. Civ. Code art. 2315. Syngenta argues that in a similar case, *Ayala v. Enerco Grp., Inc.*, 569 Fed.Appx. 241, 245 (5th Cir. 201), the Fifth Circuit held that the negligence claims not raised in state court would not be considered in their improper joinder analysis. *Id.* at 12-13.

Syngenta argues that unlike in *Ayala*, where negligence was mentioned in the state court petition, Triple E's Petition (ECF No. 1-1) fails to mention negligence, elements of a negligence claim, or La. Civ. Code art. 2315. *Id.* at 13. Syngenta further argues Triple E's Petition (ECF NO. 1) fails to include any allegations of any duty owed by Elston, any breach thereof, or causation to support a claim under Art. 2315. *Id.* Syngenta states that Triple E fails to include allegations that Elston owed a duty to properly advise whether Sequence Herbicide was safe and effective for its soybeans. *Id.* at 13-14.

Triple E does not allege a specific cause of action against Elston, and the Petition (ECF No. 1-1) contains no other allegations against Elston. However, Triple E initially filed this case in Louisiana state court. Louisiana's fact-pleading standard does not require a plaintiff to spell out the particular legal theories under which the facts he alleges entitle him to recovery. *See White v. State Farm Mut. Auto. Ins. Co.*, 479 Fed.Appx. 556, 562 (5th Cir. 2012) (citing *First S. Prod. Credit Ass'n v. Georgia–Pacific,* 585 So.2d 545, 548 (La. 1991)). Additionally, Triple E is not required to specifically state which legal duty a defendant has breached. *Garcia v. Excel Corp.*, 49 F.3d 728 (5th Cir. 1995)

Under Louisiana law, "[e]very act . . . of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. If the act involves the failure to exercise reasonable care, it is deemed negligence. *Meany v. Meany*, 639 So.2d 229, 233 (La. 1994). The defendant's conduct must conform to the standard of conduct of a reasonable man under like circumstances. *Id.* at 234.

To establish negligence, a plaintiff must show: (1) that the defendant had a duty to conform his conduct to a specific standard (duty); (2) that the defendant's conduct failed to conform to the appropriate standard (breach); (3) that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (cause in fact); (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (legal cause); and (5) that the plaintiff suffered actual damages (damages). *Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017).

13

Contrary to Syngenta's arguments, Triple E need not expressly allege the duty owed by Elston.  Unlike *Ayayla*, Triple E alleges more than conclusory allegations against Elston.  Triple E's allegations imply Elston owed a duty to Triple E as its crop consultant as Elston alleges it seeks return of consulting fees paid for advice and counsel relating to its crops.  Specifically, Triple E alleges that Elston provided it with advice regarding which herbicides Triple E should use on its soybean crops.  ECF No. 1-1 at 3.  Triple E alleges that on May 25, 2019, Elston advised Triple E that it should use Sequence Herbicide to treat post-emergence soybeans for broadleaf weeds and grass.  *Id.*

On that advice, Triple E purchased Sequence Herbicide for use on its Roundup Ready post-emergence soybeans.  *Id.*  Triple E further alleges Elston provided incorrect advice concerning the fitness of Sequence Herbicide for Triple E's known use, inducing it to purchase a product not fit for its intended purpose.  *Id.*  Triple E contends that it applied Sequence Herbicide on approximately 800 acres of Roundup Ready post-emergence soybeans, which burned and produced a drastically reduced yield.  *Id.*  Triple E seeks compensatory and special damages, including return of consulting fees.  *Id.* at 4.

The party claiming improper joinder bears a "heavy" burden of persuasion.  *Id.* All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278,

14

281 (5th Cir.2007).  Construing all factual allegations in favor of Triple E, Syngenta fails to establish that there is no possibility of recovery by Triple E against Elston.

     **E.**    <u>**Attorney Fees**</u>

An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  However, an award of attorney's fees on a motion to remand is not automatic under Section 1447(c).  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  A district court may only award payment of fees and costs under Section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004).  The removal in this case was objectively reasonable as Syngenta demonstrated a reasonable basis to believe removal was legally proper.  Triple E's request for attorney's fees and costs (ECF No. 6) should be denied.

**III.**  <u>**Conclusion**</u>

Because Syngenta fails to establish diversity jurisdiction by a preponderance of the evidence;

IT IS RECOMMENDED that the Triple E's Motion to Remand (ECF No. 6) be GRANTED for lack of diversity jurisdiction, and this case be REMANDED to the Twelfth Judicial District Court, Avoyelles Parish, Louisiana.

IT IS FURTHER RECOMMENDED that Triple E's Motion for Attorney's Fees (ECF No. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Monday, November 16, 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE